UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

Telese Georgia Hussey,             Case No. 12-57929-MBM
                                                   Chapter 7
                    Debtor.   /           Hon. Marci B. McIvor

**OPINION REGARDING DATE PROPERTY IS TO
BE VALUED FOR PURPOSES OF 11 U.S.C. § 554**

FACTS

On August 2, 2012, debtor, Telese Georgia Hussey, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On August 16, 2012, Debtor filed her bankruptcy schedules. On Schedule A (Real Property Owned by the Debtor) Debtor listed her residence at 8145 Northpointe Court, Canton, Michigan, 48187 (hereinafter referred to as the "real property"). Debtor listed the current value of the real property as $189,750.00 and stated that the property was encumbered by the mortgage creditor's secured claim in the amount of $195,204.49. On Schedule C (Property Claimed as Exempt), Debtor claimed an exemption in the real property pursuant to 11 U.S.C. §522(d)(1) in the amount of $10,800.00.

On October 19, 2012, mortgage creditor, PNC Bank, National Association, filed a motion seeking relief from the automatic stay. In its motion, the Mortgage Creditor alleged that the balance owed on Debtor's mortgage is $177,802.93. (Paragraph 9, Motion for Relief from Stay, Docket No. 31).

On December 17, 2012, the Chapter 7 Trustee, filed an Application to Employ Real Estate Sales Agent and Broker to sell Debtor's real property. The Application

alleged that there was equity in the real property which could be preserved for the benefit of the bankruptcy estate if the real property was sold.  On December 17, 2012, this Court entered an Order Authorizing Trustee to Employ Real Estate Agent and Broker.  (Docket No. 47).

On March 4, 2013, Debtor filed a Motion requesting that the Trustee be required to abandon the estate's interest in the real property.  Debtor alleged that the amount of PNC's mortgage, added to her exempt equity, was an amount in excess of the value of the real property.  Therefore, Debtor argued that the real property had no benefit to the estate and should be abandoned by the Trustee pursuant to 11 U.S.C. § 554.  On March 11, 2013, the Trustee filed an Objection to Debtor's Motion to Abandon Real Property.  The Trustee alleged that the real property had a significantly higher value than that stated by the Debtor.  As a result of the higher value, the real property had non-exempt equity, which, if the real property was sold, would become property of the bankruptcy estate.

On March 11, 2013, the Trustee also filed a Motion to Compel Debtor to Cooperate in the Sale of the Real Property.  In that Motion, the Trustee again alleged that Debtor's real property had value above the outstanding mortgage and Debtor's exempt equity, and therefore, Debtor should be required to allow the Trustee to market the property.

On March 26, 2013, the Court held a hearing on both Debtor's motion requesting that the Trustee abandon the real property, and the Trustee's motion to compel the Debtor to cooperate in the sale of the real property.  Since the resolution of both motions turns on the value of Debtor's real property, the Court scheduled an evidentiary

2

hearing on that issue for April 10, 2013.[1] At the hearing on the motions, it became clear to the Court that a preliminary issue needed to be resolved prior to the evidentiary hearing. That issue relates to the timing of the valuation of Debtor's real property. Debtor argues that for purposes of determining whether property should be abandoned by the Trustee, the date of valuing the real property is the date of filing the petition for relief. The Chapter 7 Trustee argues that the date for valuing property for purposes of motions under 11 U.S.C. § 554 is a date close to the time the motion for abandonment is filed. The significance of these arguments is that within the last 18 months, property values in southeastern Michigan have slowly began to appreciate. Since Debtor filed her case on August 2, 2012, and filed her Motion to Compel Abandonment on March 4, 2013, an appraisal valuing Debtor's real property on March 4, 2013, would presumably be higher than an appraisal of Debtor's real property on August 2, 2012.

After discussing this issue with the parties, the Court requested case law supporting the positions taken by the parties. The Trustee indicated that he had cited case law in the Trustee's Motion to Compel Debtor to Cooperate In the Sale of Real Property. Debtor requested that she be given a short period of time to file a supplemental memorandum in support of her Motion to Abandon. On April 2, 2013, Debtor filed her Supplemental Memorandum in support of her position that Debtor's property should be valued as of the date of the filing of the petition.

ANALYSIS

Debtor requests that the Trustee be required to abandon the estate's interest in

---

[1] The evidentiary hearing has been adjourned by agreement of the parties to April 17, 2013.

her real property. Abandonment of property of the estate is governed by 11 U.S.C. §554. 11 U.S.C. § 554 states in relevant part:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Neither the Bankruptcy Code, nor Fed. R. Bankr. P. 6007 specify either the time in which the Trustee must act to abandon or the date on which estate property should be valued for purposes of abandonment. Case law states that because the trustee has an obligation to ascertain the property's fair market value and the amount and the validity of outstanding liens, the trustee has "reasonable" time to consider retaining or abandoning an asset. *Stanolind Oil and Gas Co. v. Logan,* 92 F.2d 28 (5th Cir. 1937). *Collier on Bankruptcy* states as follows with regard to the time in which a trustee must decide whether or not to abandon an asset:

> The term "reasonable" implies that the period of deliberation is adaptable to the circumstances. The trustee may wait until he or she is able to ascertain whether there is any profit to be expected for the estate. In fact, it may be the trustee's duty to wait. The is especially true when the prospects depend on a fluctuating market. ... However while the trustee must be accorded a reasonable period for investigation, when other parties seek a decision about abandonment, there comes a time, as one court put it, to "fish or cut bait."

5 *Collier on Bankruptcy* ¶ 554.02[2] at 554-5.

Other than this statement in *Collier on Bankruptcy*, this Court could find no case law which explicitly addresses the issue of the date on which property should be valued

for purposes of a motion to abandon.[2]

In the absence of any case law specifically on point, this Court finds that the Bankruptcy Code section dealing with the determination of secured claims, 11 U.S.C. §506, provides some assistance. 11 U.S.C. §506 states in relevant part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. <u>Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest</u>.
>
> (2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property <u>as of the date of the filing of the petition</u> without deduction for costs of sale or marketing.

There is a notable distinction between §506(a)(1) and § 506(a)(2). When valuing real property for purposes of determining a creditor's secured claim, the value is to be determined "in light of the purpose of the valuation and of the proposed disposition or use of such property." When the issue involves a secured interest in personal property, the value shall be "determined based on the replacement value of such property as of the date of the filing of the petition." With regard to real property, the Bankruptcy Code

---

[2] Apparently the parties were also unable to find any case law in support of their respective arguments. Debtor's Supplemental Brief cited no case law. The two cases cited by the Chapter 7 Trustee in his Motion to Compel Debtor to Cooperate in Sale of Real Property, *In re Kerlo,* 311 B.R. 256 (Bankr. C.D. Cal. 2004) and *In re Neal,* 424 B.R. 235 (Bankr. E.D. Mich. 2010) say nothing about the timing of valuing property for purposes of a motion for abandonment.

recognizes that the value of a creditor's secured claim may vary depending on the purpose of the valuation and of the proposed disposition of the property. Valuation is not linked to a date, it is linked to the purpose of the valuation and the proposed disposition of the real property.

This Court finds that the value of Debtor's real property for purposes of Debtor's Motion to Abandon, must be construed so as to be consistent with the requirements of 11 U.S.C. § 506(a)(1). In other words, the value of Debtor's real property for purposes of the Motion for Abandonment must be determined "in light of the purpose of the valuation and of the proposed disposition or use of such property."
Thus, the first question which must be answered by the Court is, what is the purpose of a motion to abandon? The purpose of a motion to abandon, whether brought by the trustee or a party in interest, is to establish that an asset is either of inconsequential value to the estate, or burdensome to the estate, and therefore should be abandoned by the trustee. The second question for this Court is what is the best method of establishing the value of the property which is the subject of the abandonment motion? Courts have generally held that for purposes of valuation, if an actual sale (or equivalent disposition) is to occur, the value of the collateral should be based on the consideration to be received by the estate in connection with the sale, provided that the terms of the sale are fair and were arrived at on an arms length basis. *Ford Motor Credit Co. v. Dobbins,* 35 F.3d 860, 870 (4th Cir. 1994)*; Romley v. Sun National Bank (In re The Two "S" Corp.)* 875 F.2d 240, 244 (9th Cir. 1989)("evidence of other appraised values is also irrelevant, because the sale price is a better indicator of the asset's value than any estimate of value given prior to the sale").

This Court concludes that in light of the purpose underlying a motion to abandon, the best evidence of the value of Debtor's real property, is the value that real property could be sold for at the time the Motion to Abandon is filed. For purposes of the evidentiary hearing, the parties should present either an offer to purchase, or an appraisal valuing the real property as of March, 2013. The Court will also need evidence as to the balance owed on any secured claims.

This Court's conclusion is supported both by the Bankruptcy Code and by common sense considerations. As noted above, 11 U.S.C. § 554 contemplates that the Trustee, and other interested parties, have a reasonable amount of time to determine whether abandonment is in the best interests of the bankruptcy estate. That time frame should not be circumscribed by a concern that an appraisal of the property will not be accurate because of the time that elapses between the filing of the case, and a decision on abandonment. Once a motion to abandon is filed, it makes far more sense to value the property as of the date of the motion, rather than value it as of the date the petition was filed. The relevant inquiry is whether the property provides a benefit to the estate, and the best answer to that inquiry is the value of the property as of the date of the filing of the Motion to Abandon.

## CONCLUSION

In conclusion, this Court finds that for purposes of 11 U.S.C. § 554, Debtor's real property must be valued as of the date the Motion to Abandon was filed.

Signed on April 05, 2013

                                          /s/ Marci B. McIvor
                                          Marci B. McIvor
                                          United States Bankruptcy Judge